IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-293-FL

| | | |
|---|---|---|
| JESSE E. BARLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIEUTENANT GENERAL WILLIAM | ) | ORDER |
| GARRETT Commanding General, U.S. | ) | |
| Army Forces Command, and JOHN | ) | |
| McHUGH Secretary of the U.S. Army, and | ) | |
| their Duly Authorized Representatives and | ) | |
| Successors in Office, in their Official | ) | |
| Capacity | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motion for preliminary injunction (DE 9)[1], defendants' motion to dismiss, or in the alternative for summary judgment (DE 25), and defendants' motion to strike (DE 28). Issues raised are ripe for ruling. For reasons discussed more broadly below, the court will grant defendants' motion to dismiss, and accordingly deny plaintiff's motion for preliminary injunction, and deny as moot defendants' alternative motion for summary judgment and motion to strike.

**STATEMENT OF THE CASE**

On April 17, 2013, plaintiff filed complaint against defendants Lieutenant General William Garrett, Commanding General of the United States Army Forces Command ("Garrett"), and John McHugh, Secretary of the United States Army, in their official capacities. Plaintiff alleges he is

---

[1] In this motion, plaintiff also requested a temporary restraining order, which request was denied.

being wrongfully detained and seeks declaratory judgment and injunctive relief. On April 18, 2013, plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction. Defendants responded in opposition on April 22, 2013.

After hearing on the motion held April 30, 2013, as memorialized by written order entered May 1, 2013, the court denied plaintiff's motion for a TRO, and directed supplemental briefing from the parties regarding the preliminary injunction, which briefing was completed on May 17, 2013. Among the exhibits attached to plaintiff's supplemental memorandum was a declaration by Toni Swain-Baskerville ("Swain-Baskerville"), Chief, Personnel Reassignments Breach, Military Personnel Division, Directorate of Human Resources at Fort Bragg, North Carolina.

Shortly thereafter, on May 21, 2013, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for summary judgment. In the motion to dismiss, defendants renew and expand upon arguments made in their opposition to plaintiff's motion for preliminary injunction. Therefore the court ordered expedited briefing on defendants' motion, which briefing has been filed. Defendants contend that this court lacks jurisdiction over the matter because plaintiff has failed to exhaust his administrative remedies.

On May 24, 2013, defendants filed a motion to strike the declaration of Swain-Baskerville, arguing that the sworn statement had been improperly obtained by plaintiff's counsel, was based on incomplete information, and now has been withdrawn. Attached as an exhibit to defendants' motion is a second declaration from Swain-Baskerville, wherein she withdraws her earlier one. The court directed response and reply, if any, be entered by the deadlines set for defendants' motion to dismiss. Plaintiff responded in opposition, defendants did not reply, and the time in which to do so has expired.

**STATEMENT OF FACTS**

The record before this court reveals the following facts. In December 2010, plaintiff, serving in the United States Army as a Chief Warrant Officer in the grade of CW3, was accused of committing indecent liberties with a child.[2] He was subsequently charged and arrested. Based on reports of this misconduct, on December 14, 2010, plaintiff's commander imposed a transferrable suspension of favorable personnel actions ("flag"), which flag was changed to a non-transferrable flag in anticipation of adverse action on February 3, 2011. On September 24, 2012, plaintiff pleaded guilty, in Hoke County Superior Court, to one court of sexual battery.

Also on September 24, 2012, an informal Army Physical Evaluation Board ("PEB") convened and determined that plaintiff was physically unfit for continued active duty due to medical conditions incurred in the line of duty. Plaintiff concurred with the PEB findings on September 26, 2012, waiving a formal PEB hearing.

On October 11, 2012, General David M. Rodriguez instituted administrative separation proceedings against plaintiff for "moral and professional dereliction based on acts of personal misconduct and conduct unbecoming an officer," based on plaintiff's conviction as a sexual offender. On November 20, 2012, plaintiff was notified that a Board of Inquiry had been appointed to determine whether he should be retained in the Army, or separated for moral and professional dereliction. Included in the notification was a copy of plaintiff's flag. Plaintiff acknowledged his receipt of the notification and included documentation on November 21, 2012.

Shortly prior to his receipt of the above notification, as a result of the findings of the PEB, on November 16, 2012, plaintiff was given orders directing his medical discharge from active duty.

---

[2] In his complaint, plaintiff alleges he was discharged from the Army on November 30, 2012. Defendants maintain plaintiff was never discharged. It is undisputed, however, that prior to November 30, 2012, plaintiff was a member of the United States Army.

3

Case 5:13-cv-00293-FL   Document 33   Filed 06/19/13   Page 3 of 11

His discharge date was to be November 30, 2012. Pursuant to these orders, plaintiff began out-processing through the Fort Bragg Transition Office, which required processing through various offices, including the Military Pay Processing Office. Plaintiff's pay was suspended while the Military Pay Office began to audit his account to ensure all open debts were collected and all entitlements were proper. On November 30, 2012, after completing the out-processing process. plaintiff received his final "Installation Clearance" from Fort Bragg, and a certificate of honorable medical discharge (DD Form 214).

Due to the flag in his records, however, the Military Pay Office halted the audit of plaintiff's account, and placed his pay back on active status. Plaintiff also never received any severance pay. In January 2013, per Army procedures, plaintiff's pay was automatically suspended by the Defense Finance and Accounting Services ("DFAS") because he no longer appeared in two personnel databases due to his administrative clearing process. When the Military Pay Office discovered this, plaintiff's pay was restarted, and he received back payments in the amount he did not receive while his pay was suspended.

On March 4, 2013, the Army issued a memorandum purporting to void plaintiff's DD Form 214. The next day, plaintiff's commander ordered him to return to duty on March 15, 2013, which reporting date was subsequently changed to March 25, 2013. On March 19, 2013, plaintiff received notification that he was required to appear before a formal administrative hearing in Fort Bragg to convene on March 28, 2013, to determine if he should be involuntarily separated from active duty with the United States Army for misconduct.[3]

On March 22, 2013, plaintiff, now living in Pennsylvania contacted defendants through counsel and asserted that the Army had no jurisdiction to recall him contending that he was

---

[3] Plaintiff's separation board had been postponed pending decision from this court.

4

honorably discharged from the Army on November 30, 2012. Plaintiff told defendants he would seek preliminary injunctive relief if the actions against him were not rescinded by March 25, 2013. Plaintiff did not report as ordered, and was arrested by Pennsylvania state police on April 13, 2013, on detainer issued by defendants. He was transported, in custody, to Fort Bragg on April 23, 2103, and ordered there to remain, but fled in contravention of his orders, on April 25, 2013, and was marked as absent without leave. On May 1, 2013, plaintiff was located by military police and returned to Fort Bragg. He has since reported to duty as ordered.

## COURT'S DISCUSSION

The court turns first to defendants' motion to dismiss on which decision is controlling with respect to plaintiff's motion for preliminary injunction and other motions of record.

A.      Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id.

5

B.  Analysis

   1.   Exhaustion

Defendants argue that the court should dismiss plaintiff's complaint pursuant to Rule 12(b)(1). Defendants contend that because plaintiff has not exhausted administrative remedies this court does not have jurisdiction over the matter.

The United States Supreme Court had instructed that a level of deference should be accorded to military decisions. Schlesinger v. Councilman, 420 U.S. 738, 753, 757 (1975). Because of the "[t]raditional trepidation over interfering with the military establishment" and the deference due to military's conduct of its affairs, this Circuit has adopted a balancing test set out by the Fifth Circuit in Mindes v. Seaman, 453 F.2d 197, 201-02 (5th Cir. 1971) for determining whether a court should review a military decision. Guerra v. Scruggs, 942 F.2d 270, 276 (4th Cir. 1991) (quoting Mindes, 453 F.2d at 199).

Under the Mindes test, before even considering various factors to be balanced, two threshold requirements must be met in order for a court to allow review: (1) a plaintiff must allege he has been deprived of a constitutional right, or that the military has violated applicable statutes or its own regulations, and (2) the plaintiff must have exhausted available "intraservice corrective measures." Id. "[F]ailure to exhaust intraservice administrative remedies ma[kes][a] federal claim a nonjusticiable military controversy." Williams v. Wilson, 762 F.2d 357, 360 (4th Cir. 1985) (citations omitted). Where a plaintiff has failed to exhaust such remedies, the proper course is to dismiss the plaintiff's claims without prejudice as premature. Id. The exhaustion requirement applies even where a plaintiff is challenging the military's jurisdiction over them if "questions on which the expert opinion of the military courts" would be helpful. Dooley v. Ploger, 491 F.2d 608,

6

613-14 (4th Cir. 1974).

There is, however, an exception to the exhaustion requirement, namely, if the outcome would "predictably be futile." Dooley, 491 F.2d at 614-15. A plaintiff's inability to obtain all of the remedies he seeks through the administrative process, does not render exhaustion futile so long as the plaintiff can obtain some relief. Culbreth v. Ingram, 389 F.Supp.2d 668, 674 (E.D.N.C. 2005) (citing Guerra, 942 F.2d at 277; Williams v. Wilson, 762 F.2d 357, 360 (4th Cir.1985); Sanders v. McCrady, 537 F.2d 1199, 1200-01 (4th Cir.1976)).

In this case, plaintiff contends he was discharged on November 30, 2012, and therefore the Army's assertion of jurisdiction over him, and detention of him, is improper. Plaintiff, however, did not avail himself of any available administrative remedies before filing complaint in this court. Plaintiff may, assisted by counsel, bring his claims regarding the Army's lack of jurisdiction over him before the administrative separation board. Cf. New v. Cohen, 129 F.3d 639, 645 (D.C. Cir 1997) ("military courts are capable of, and indeed may have superior expertise in, considering challenges to their jurisdiction"); Apple v. Greer, 554 F.2d 105, 109 (3d Cir. 1977) ("[T]he claim that there is a lack of jurisdiction can be made to a military tribunal."). These proceedings will then be examined by the Secretary of the Army who will finalize plaintiff's separation action.

If plaintiff disagrees with the Secretary's decision, he has two avenues of appeal. First he may appeal to the Army Discharge Review Board ("ADRB"). The ADRB, established pursuant to 10 U.S.C. § 1553, may change a discharge or to issue a new discharge, but can not reverse or vacate a discharge. Guerra, 942 F.2d at 272. Second, he could appeal to the Army Board for Correction of Military Records ("ABCMR"), established pursuant to 10 U.S.C. § 1552. The ABCMR may "correct any military record of the Secretary's department when the Secretary considers it necessary

7

to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). Thus, non-futile administrative remedies, which plaintiff has not exhausted, are available. Therefore he has not met a threshold requirement for review of the Army's actions, and his claim will accordingly be dismissed without prejudice as premature.

Plaintiff nevertheless maintains that exhaustion is not required, raising numerous arguments which the court will consider in turn.

      a.      Availability of Relief

Plaintiff first argues that by seeking an injunction against the Army's detention, he seeks a remedy analogous to a writ of *habeas corpus*, which cannot be given by pursuing an administrative remedy. Thus plaintiff asserts exhaustion is not required. The gravamen of plaintiff's situation, however, revolves around a determination of the validity of his prior discharge and the Army's jurisdiction to recall plaintiff so as to hold administrative discharge hearings. As was noted above, plaintiff may raise his challenges to Army jurisdiction and his status in the Army within the Army's internal review structure. Therefore the essential relief plaintiff seeks is available and exhaustion is not futile.

      b.      Prejudice and Bias

Plaintiff next cites McCarthy v. Madigan, 503 U.S. 140 (1992) for the proposition that administrative exhaustion is not required when (1) the delay from exhaustion would cause undue prejudice, (2) the agency cannot grant the requested relief, or (3) agency decision-makers are demonstrably biased.[4] Plaintiff asserts that all three exceptions apply in this case. As the court has

---

[4] McCarthy has been superseded by the 42 U.S.C. § 1997e(a) insofar as the Court did not require federal prisoners seeking monetary damages in Bivens actions to exhaust administrative remedies. However, the Court's statement that "where Congress has not clearly required exhaustion, sound judicial discretion governs" and its instructions on the exercise of that discretion are still valid. See Cooke v. U.S. Bureau of Prisons, —F. Supp. 2d —, 2013 WL 752795, at

8

already considered the second exception, it will not consider it further here.

Plaintiff claims that he would be prejudiced by exhaustion as an appeal to the Army Board for Correction of Military Records may take as long as twelve (12) months, and in the meantime he would continue to suffer loss of freedom and income. In so arguing, plaintiff ignores the possibility that more immediate remedies may be achieved by submitting his arguments to the administrative separation board and Secretary of the Army. Indeed, an administrative separation board had previously been set to convene to consider plaintiff's case on March 28, 2013, a mere three days after plaintiff was ordered to report to active duty. Thus, timely administrative remedies are available.

Plaintiff's argument regarding bias is a mere conclusory statement that "any military decision makers would be demonstrably biased against Plaintiff and the issues raised in the case at hand." Pl.'s Resp. Opp'n 6. Plaintiff offers no support whatsoever for this contention and thus fails to show demonstrable bias against him on the part of military decision makers.

        c.        Nature of the Issues Raised

Finally, plaintiff asserts that the issues in this case are purely legal, and exhaustion is therefore not required. In support, plaintiff cites <u>Committee for GI Rights v. Callaway</u>, 518 F.2d 466, 474 (D.C. Cir. 1975). There, the D.C. Circuit held that plaintiff bringing a class action attacking the constitutionality of an Armed Forces drug control program did not have to exhaust administrative remedies. <u>Id.</u> The court found that "[t]he issues involved are purely legal, requiring no exercise of military discretion or expertise," and that federal courts were in a better position to consider the issues raised. <u>Id.</u> Thus the court held that no purpose would be served by requiring

---

*10 (E.D.N.C. Feb. 27, 2013) (analyzing the three exceptions to the general exhaustion requirement discussed above).

exhaustion. Id. In this case, by contrast, the legality of plaintiff's detention and the Army's assertion of jurisdiction over him hinges on whether or not plaintiff was validly discharged, and such a determination involves interpretation of Army regulations.

A member of the armed forces is not discharged "until his discharge certificate or certificate of release from active duty, respectively, *and* his final pay or a substantial part of that pay, are ready for delivery to him or his next of kin or legal representative." 10 U.S.C. § 1168(a) (emphasis added). The parties here contest whether plaintiff was ever validly discharged. The issues raised include, among others, whether the flag in plaintiff's records precluded a valid discharge, whether plaintiff received a final accounting of pay, and whether the memorandum purporting to void plaintiff's discharge certificate was effective. These issues are not purely legal in nature, but rather concern interpretation of Army regulations and an understanding of Army procedures. Thus, unlike in Committee for GI Rights, military expertise is valuable in determining the questions raised and the Army is in a better position than the court to consider these issues. See Councilman, 420 U.S. at 756 (Exhaustion requirement justified in part by "the need to allow agencies to develop the facts, to apply the law in which they are peculiarly expert, and to correct their own errors."); Parker v. Levy, 417 U.S. 733, 744, (1974) ("[M]ilitary law is a jurisprudence which exists separate and apart from the law which governs in our federal judicial establishment." (quotations omitted)). Therefore, all of plaintiff's challenges to the exhaustion requirement fail and his case must be dismissed as premature for failure to exhaust available intraservice remedies.

## CONCLUSION

Based upon the foregoing, defendants' motion to dismiss is GRANTED and plaintiff's complaint is DISMISSED as provided in this order. Accordingly defendants' alternative motion for

10

Case 5:13-cv-00293-FL   Document 33   Filed 06/19/13   Page 10 of 11

summary judgment, and defendants' motion to strike are DENIED. Plaintiff's motion for a preliminary injunction also is DENIED for the reasons given. The clerk is DIRECTED to close this case.

SO ORDERED, this the 19th day of June, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge